# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **L. RUTHER**, | : | CIVIL ACTION NO. 1:13-CV-01642 |
| **Plaintiff**, | : | (Chief Judge Conner) |
| v. | : | |
| **STATE OF TENNESSEE**, *et al.*, | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this 17th day of September, 2013, upon consideration of the report of United States Magistrate Judge Susan E. Schwab (Doc. 7), recommending that plaintiff's motion (Doc. 6) be deemed withdrawn because plaintiff has not filed a brief in support as required by Local Rule 7.5, or in the alternative be denied because it is illegible, and further recommending that this case be closed because plaintiff has failed to file a timely amended complaint,[1] and, following an independent review of the record, it appearing to the court that the filing is indeed incomprehensible, and it further appearing that neither

---

[1] The court notes that in the interim since the report and recommendation was filed, plaintiff has filed a document (Doc. 9) which is utterly unintelligible. The document purports to be titled "Amend Suit," and the court thus presumes that plaintiff intended this document to serve as an amended complaint. The court has previously admonished plaintiff that a failure to timely address the deficiencies in his original pleading would be deemed an abandonment of his claims and compel dismissal of this matter with prejudice. Not only is plaintiff's most recent pleading untimely, despite our best efforts, the pleading remains entirely unreadable, and the court cannot discern the basis for jurisdiction, the nature of plaintiff's claim(s), the identity of the defendant(s), or the particular relief sought. Because the filing fails to comply with both the pleading requirements of the Federal Rules of Civil Procedure and the court's prior orders, the court will dismiss plaintiff's amended complaint with prejudice.

party has not objected to the magistrate judge's report and recommendation, and that there is no clear error on the face of the record,[2] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 7) is ADOPTED in its entirety.

2. Plaintiff's motion (Doc. 6), docketed as a motion for reconsideration by the Clerk of Court, is DENIED.

3. Plaintiff's amended complaint (doc. 9) is DISMISSED with prejudice.

4. The Clerk of Court is directed to CLOSE this case.

      /S/ CHRISTOPHER C. CONNER
      CHRISTOPHER C. CONNER
      Chief Judge, Middle District of Pennsylvania

---

[2] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.